1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   GERALD R. TARUTIS,                          CASE NO. C13-761 JLR

11                        Plaintiff,              ORDER DENYING STIPUALTED
                                                 MOTION TO REDACT
12              v.                                DEFENDANTS' IDENTITIES

13   SPECTRUM BRANDS, INC., et al.,

14                        Defendants.

15                          I.      INTRODUCTION

16          Before the court is Plaintiff Gerald R. Tarutis's motion for an order permitting

17   "the identity of the Defendants to be redacted from the Report of the Guardian ad Litem

18   and related publicly available court filings."  (Stip. Mot. (Dkt. # 35).)  Mr. Tarutis is the

19   guardian ad litem for Plaintiff R.J.S., who is a minor.  Mr. Taurtis states that his motion is

20   "stipulated" and filed "with the agreement of Counsel for R.J.S. and Counsel for

21   Defendants SS Bethel, LLC, Spectrum Brands, Inc., and Morristown Star Struck, LLC."

22

ORDER- 1

1  (Stip. Mot. at 1.)  The court has considered the motion, the record, and the applicable law.

2  Begin fully advised, the court DENIES the motion for the reasons stated below.

3                              II.      BACKGROUND

4          Plaintiffs originally filed this action in King County Superior Court for the state of

5  Washington.  (*See* Verif. St. Ct. Rec. (Dkt. # 7) at 27-35 ("1st Am. Compl.").)  Plaintiffs

6  allege that, as a direct and proximate result of Defendants' actions and negligence, R.J.S.

7  suffered severe injuries when he ingested and choked on a button battery when he was 15

8  months old.  (1st Am. Compl. ¶¶ 14-16, 24-29.)  Plaintiffs allege claims under the

9  Washington Product Liability Act, RCW 7.72, *et seq.*, and for negligent infliction of

10  emotional distress.  (*Id.* ¶¶ 18-23.)  Defendant SS Bethel, LLC, removed the action to the

11  United States District Court for the Western District of Washington on April 30, 2013.

12  (Not. of Rem. (Dkt. # 1).)  Plaintiffs filed a second amended complaint on August 20,

13  2013.  (2d Am. Compl. (Dkt. # 25).)  On February 3, 2014, the court granted the parties'

14  stipulated motion to dismiss Defendant Spectrum Brands Holdings, Inc.  (2/3/14 Order

15  (Dkt. # 34).)

16          The remaining parties have now entered into a written settlement agreement.

17  (Stip. Mot. at 2.)  The settlement agreement contains a confidentiality provision, which

18  states:

19          To maintain confidentiality of the identity of the parties in this settlement,
           the parties and their counsel agree that any publication regarding the
20          amount of this settlement shall expressly maintain/assure the complete
           anonymity of all of the parties in this litigation and will only describe the
21          circumstances out of which this injury arose as 'an injury caused by a
           battery.' Counsel for parties will exercise best efforts throughout the court

22

ORDER- 2

approval process to maintain the complete anonymity of all parties to this settlement.

(*Id.* at 2.)  Because R.J.S. is a minor, the parties intend to seek court approval of the settlement agreement.  (*See id.*)  As part of the approval process, Mr. Tarutis, as R.J.S.'s guardian ad litem, will file a report with the court concerning the settlement.  (*See id.* at 1.)

Although Mr. Tarutis has not yet filed his report and the parties have not yet sought court approval for the settlement, due to the confidentiality provision quoted above, the parties prospectively ask the court for permission to redact Defendants' names from Mr. Tarutis's report and also from all "related publicly available court filings, including the Motion to Approve Settlement and the Order approving the minor settlement" and to replace Defendants' names with "John Doe pseudonyms."  (*Id.* at 1-2.) The parties never specifically delineate what they mean by "related publicly available court filings."  Nevertheless, based on the court's review of the motion, the court concludes that they seek much more than just the redaction of Defendants' names from Mr. Tarutis' report, the subsequent anticipated motion to approve the settlement, and the court's order concerning that motion.  Indeed, the parties seek an order that would retroactively scrub Defendants' names and identifying information from the entire court file.  (*See id.* at 4 (stating "the parties request that the Court redact . . . the defendants' identities from the publicly available file"); *id.* at 8 (stating that the parties "seek only to limit access to the defendants' identities," but that "[t]he remainder of the court's file is and will be open to public scrutiny . . .").)

ORDER- 3

The only reason the parties give for the extraordinary nature of the order they seek is that redacting Defendants' identities from Mr. Tarutis's report and the remainder of the court file will "encourage alternative dispute resolution, especially with minor plaintiffs."[1]  Although the parties never expressly so state, the apparent underlying purpose of the motion is to encourage Defendants' willingness to enter into the settlement by protecting Defendants' reputations and limiting their exposure to possible future claims or demands from other allegedly similarly-situated plaintiffs through the redaction of Defendants' identities from the court file and docket.  (*See* Stip. Mot. at 4 ("Here, the parties seek only to protect the privacy of the defendants' identities.").)

### III.   ANALYSIS

There is a presumption of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  A party, therefore, must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  A party seeking to file a motion to seal in connection with a nondispositive motion, however, must show "good cause" under Federal Rule of Civil Procedure 26(c).  *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard

---

[1] Local Rule LCR 5.2(a)(2) requires the parties to redact the names of minor children to their initials.  W.D. Wash. Local Rule LCR 5.2(a)(2).  Thus, the minor plaintiff herein is referred to in court documents and on the docket by his initials only.

1   when parties wish to keep them under seal.").  Here, the parties agree that the

2   "compelling reasons" standard applies to this motion because approval of the settlement

3   agreement is dispositive of the proceeding.  (Stip. Mot. at 3); *see also M.P. ex rel.*

4   *Provins v. Lowe's Companies, Inc.*, No. 11-cv-01985, 2012 WL 1574801, at *1 (E.D.

5   Cal. May 3, 2012) (holding that the compelling reasons standard applies to a motion to

6   seal related to a minor's settlement because an order approving the settlement is

7   dispositive).

8        Under the "compelling reasons" standard, the party seeking to seal judicial records

9   bears the burden of "articulate[ing] compelling reasons supported by specific factual

10  findings . . . that outweigh the general history of access and the public policies favoring

11  disclosure, such as the public interest in understanding the judicial process."  *Kamakana*,

12  447 F.3d at 1178-79 (internal citations and quotation marks omitted).  "In turn, the court

13  must conscientiously balance the competing interests of the public and the party who

14  seeks to keep certain judicial records secret."  *Id.* at 1179 (internal alterations, quotation

15  marks, and citations omitted).  Then, "if the court decides to seal certain judicial records,

16  it must base its decision on a compelling reason and articulate the factual basis for its

17  ruling, without relying on hypothesis or conjecture."  *Id.*

18       In general, a "compelling reason" is sufficient to outweigh the public's interest in

19  disclosure and justify sealing a court record when the court files might become a vehicle

20  for improper purposes, such as the use of records to gratify private spite, promote public

21  scandal, circulate libelous statements, or release trade secrets.  *Id.*  The mere fact,

22  however, that the production of records may lead to a litigant's embarrassment,

ORDER- 5

1  incrimination, or exposure to further litigation will not, without more, compel the court to

2  seal its records. *Id.* (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122,

3  1135 (9th Cir. 2003)).

4      In asking the court to "redact . . . the defendants' identities from the publicly

5  available file," the parties acknowledge that "[t]here are few reported cases on this

6  point." (Stip. Mot. at 4.)  Indeed, the court could find no case in which a court had

7  granted or even considered a motion to retroactively scrub the name of a party from an

8  entire court docket.  The court did, however, find cases in which a party had asked to

9  proceed anonymously during litigation.  The Ninth Circuit has held that "[a]s a general

10  rule, 'the identity of the parties in any action, civil or criminal, should not be concealed

11  except in an unusual case, where there is a need for the cloak of anonymity.'"  *United*

12  *States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488

13  F.3d 1154, 1156 n.1 (9th Cir. 2007)); *see also United States v. Doe*, 655 F.2d 920, 922

14  n.1 (9th Cir. 1981) (granting a request for use of a pseudonym in an "unusual case" where

15  the criminal defendant was a government informant who, the parties agreed, would have

16  "faced a risk of serious bodily harm if his role on behalf of the government were

17  disclosed to other inmates").  In the unusual case, the court should consider whether

18  pseudonymity is necessary to protect a person from injury or harassment.  *Stoterau*, 524

19  F.3d at 1012 (denying convicted sex offender's motion for anonymity on appeal because

20  the concern that he will face violent abuse in prison is equally present for all similarly

21  situated sex offenders, and therefore the movant's case was not unusual).  The court must

22  then "balance the need for anonymity against the general presumption that parties'

1   identities are public information." *Id.* (quoting *Does I thru XXIII v. Advanced Textile*

2   *Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (applying this balancing test in the specific

3   context of a civil employment retaliation claim)).

4        The type of concern the parties cite here—that anonymity will encourage

5   alternative dispute resolution—does not rise to the level of concern cited in cases where

6   courts have permitted parties to proceed anonymously.  The parties here have not alleged

7   that they will be subject to harassment or physical threat.  The concern they raise—the

8   difficulty in maintaining confidentiality in settlements once litigation has begun—is

9   present in nearly every case filed with the court.  Thus, the court cannot conclude that the

10  parties' concern represents the kind of "unusual" case that might warrant departure from

11  the general presumption that parties' identities are public information.  Indeed, if the

12  court were to grant this type of relief there would be no reason not to grant it nearly every

13  case that is ultimately resolved through settlement.  Thus, the parties have not presented

14  the type of unusual case that might warrant resort to pseudonymity, and the court

15  concludes that the public's interest in the disclosure of court records and the identities of

16  litigants outweighs the parties' cited concern of encouraging alternative dispute

17  resolution.

18       Further, the court concludes that, at its core, the motion seeks to protect the

19  parties' economic interests in the settlement and Defendants' reputations and their

20  possible exposure to future claims by other potential similarly-situated plaintiffs.  Many

21  courts have concluded that parties should not be permitted to proceed pseudonymously

22  simply to protect their reputational or economic interests.  *See, e.g.*, *Doe v. Public*

1  *Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) ("[C]ourts consistently have rejected

2  anonymity requests to prevent speculative and unsubstantiated claims of harm to a

3  company's reputational or economic interests."); *Nat'l Commodity & Barter Ass'n v.*

4  *G*ibbs, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam) (explaining that pseudonymity

5  "has not been permitted when only the plaintiff's economic or professional concerns are

6  involved" and collecting cases).  Although the motion is couched in loftier rhetoric

7  concerning the promotion of alternative dispute resolution, at its core the motion is

8  designed to protect Defendants' reputational and economic interests.  By redacting their

9  identities from the court's docket, Defendants may avoid some exposure to other similar

10  suits.  However, "a litigant is not entitled to the court's protection from" "expos[ure] . . .

11  to additional liability and litigation."  *Foltz*, 331 F.3d at 1137; *see also Kamakana*, 447

12  F.3d at 1172 ("The mere fact that the production of records may lead to a litigant's

13  embarrassment, incrimination, or exposure to further litigation will not, without more,

14  compel the court to seal its records.").  Accordingly, Defendants are not entitled to

15  retroactively don the cloak of anonymity or pseudonymity with respect to this litigation.

16          Finally, the Ninth Circuit has held that the existence of a confidentiality

17  provision, without more, does not constitute good cause, let alone a compelling reason, to

18  seal information on the court's docket.  *Foltz*, 331 F.3d at 1137-38.  Yet, citation to the

19  parties' confidentiality provision and assertions that it will encourage alternative dispute

20  resolution is all that the parties offer the court for a compelling reason to permit

21  Defendants to retroactively assume anonymity or pseudonymity in this litigation.  Other

22  courts have found that the existence of a confidentiality provision is an insufficient

1   interest to overcome the presumption that a court-approved settlement agreement is a

2   judicial record, open to the public.  *See, e.g.*, *M.P. ex rel. Provins*, 2012 WL 1574801, at

3   *2 (denying motion to seal unopposed application for approval of minor settlement, the

4   order approving the settlement, the record of the hearing on the application, and related

5   documents); *see also Select Portfolio Servicing v. Valentino*, No. C12-0334 SI, 2013 WL

6   1800038, at *3 (N.D. Cal. Apr. 29, 2013) ("That [the parties] agreed among themselves

7   to keep the settlement details private, without more, is no reason to shield the information

8   from . . . the public at large.").  Although the present motion does not seek to seal the

9   settlement agreement itself, the relief it seeks—retroactive anonymity for Defendants on

10  all court filings—is nevertheless just as burdensome on the public's competing interest in

11  access to court records.  Thus, the court concludes that the confidentiality provision in the

12  parties' settlement agreement that requires the parties' "best efforts" to maintain the

13  parties' anonymity (*see* Stip. Mot. at 2) does not satisfy the "compelling concern"

14  standard and is insufficient to overcome the presumption that court records are open to

15  the public.[2]

16  //

17  //

18

19  _____

20      [2] Of course, any information in Mr. Tarutis's report or the parties' motion to approve the settlement that requires redaction under Local Rule 5.2(a) must be redacted prior to the filing of

21  these documents.  *See* W.D. Wash. Local Rule 5.2(a) (requiring redaction of dates of birth to the year, the names of minor children to the initials, social security number and taxpayer

22  identification numbers, financial accounting information to the last four digits, and passport and driver license numbers).

1

## IV.    CONCLUSION

2          Based on the foregoing, the court DENIES Mr. Tarutis's motion to redact

3   Defendants' names from his report and all related publicly available court filings (Dkt.

4   # 35).  The court's denial of Mr. Tarutis's motion, however, is without prejudice to the

5   re-filing of a motion to seal related to the settlement approval process that complies with

6   the "compelling reasons" standard recited above.

7          Dated this 6th day of November, 2014.

8

9

10   _____
     JAMES L. ROBART
11   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

ORDER- 10